CRONE HAWXHURST LLP
10880 Wilshire Boulevard, Suite 1150
Los Angeles, California 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RIOT GAMES MERCHANDISE, INC., a corporation; RIOT GAMES HONG KONG MERCHANDISE LIMITED, a Hong Kong entity; and RIOT GAMES IRELAND MERCHANDISE LIMITED, an Ireland entity,<br><br>Plaintiffs,<br><br>vs.<br><br>TRI-FORCE SALES, LLC, a limited liability company; and DOES 1-10,<br><br>Defendants.<br><br>And related counterclaim. | Case No. 2:15-cv-05817 ODW (Ex)<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION** |

FOR GOOD CAUSE APPEARING, and pursuant to stipulation of the parties, the Court hereby orders as follows:

**1. Scope of Order.** Discovery and disclosure activity in this action are likely to involve production of confidential, proprietary, or other private information for which special protection from public disclosure and from use for any purpose other than prosecuting and/or defending this action could be warranted. This stipulated Protective Order Re: Confidential Information (the "Stipulated Protective Order") governs the handling of all material produced, given, or filed during discovery or other proceedings in this action. The provisions of this Stipulated Protective Order shall apply to the Parties, and any other Person producing, receiving, or disclosing Material in this action.

Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

The parties acknowledge that this Stipulated Protective Order affords protections that extend only to the limited information or items that are entitled under applicable legal principles to confidential treatment. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; rather, C.D. Cal. Rule 79-5 sets the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

The protections conferred by this Stipulated Protective Order cover not only Confidential Information, Highly Confidential—Attorneys' Eyes Only Information,

and Confidential Materials (as defined below) but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by a Party or its counsel in other settings that might reveal Confidential Information, Highly Confidential—Attorneys' Eyes Only Information, or Confidential Materials.

Even after this action's termination, the confidentiality obligations imposed herein shall remain in effect until a Producing Person agrees otherwise in writing or a court order otherwise directs.

2. **Definitions.**

   a. "Confidential Information" means any information that the Producing Person believes in good faith contains trade secrets, future business plans, information regarding products not released or announced to the public, proprietary product development information, any other proprietary information, customer lists, nonpublic financial information, nonpublic business operations information of a confidential nature, personnel information in an employee's confidential employment file, information protected by the right to privacy, information deemed confidential or nonpublic by any governmental or regulatory body, information protected by law from public disclosure, and any other information for which there is a compelling need for confidentiality. Publicly available information is not Confidential Information. Confidential Information also includes the limited portions of briefs, memoranda, exhibits, or testimony, or the limited portions of any other writing filed with the Court that mentions, discusses, or refers to any Confidential Material.

b. "Highly Confidential—Attorneys' Eyes Only Information" means Confidential Information or Material the disclosure of which would create a substantial risk of serious business or financial injury that could not be avoided by less restrictive means.

c. "Confidential Material" means any Material that is designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only Information" by the Producing Person. As a general guideline, Materials designated "Confidential" shall be those things that may be disclosed to the Parties for purposes of this litigation, but which must be protected from disclosure to third parties. The Parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to designate as Confidential Material any document or category of information that they in good faith believe is entitled to the designation even if it is not expressly mentioned in the definition above.

d. "Material" means papers, documents, tapes, testimony, and other information produced, given, or filed during discovery or other proceedings in this action, including, but not limited to, answers to interrogatories, responses to requests for admissions, deposition testimony, information provided during any settlement discussions, and all copies, excerpts, summaries, and information derived from any such papers or documents.

e. "Person" means a natural person, firm, association, organization, partnership, business, public entity, or other person acting on behalf of such person.

  f. "Party" or "Parties" means Riot Games Merchandise, Inc., Riot Games Hong Kong Merchandise Limited, Riot Games Ireland Merchandise Limited, Tri-Force Sales, LLC (including anyone else acting upon their behalf or at their direction or control), or any other Person who is later joined in this action as a party.

  g. "Producing Person" means any Person, as defined above, producing or disclosing Material in this action.

  h. "Discovering Party" means any Party that requests and receives Materials in this action through the discovery process.

 3. **Designation of Confidential Material.** A Producing Person may designate Material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in the following manner:

  a. <u>Designation of Documents:</u> Any document produced in response to discovery requests, interrogatory responses, responses to requests for admission, motions, briefs, memoranda, and copies of any of the foregoing produced or given by any Producing Person during discovery, hearings, or trial in this case which sets forth or contains any Confidential Information or Highly Confidential—Attorneys' Eyes Only Information may be so designated by affixing the legend "Confidential" or "Highly Confidential—Attorneys' Eyes Only" as appropriate on each page containing such information at the time such document is produced or provided, or as soon thereafter as the Producing Person seeking protection becomes aware of the confidential nature of the document.

  b. <u>Designation of Deposition Testimony:</u> Deposition testimony may be designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by oral designation on the record or

within five (5) days after the transcript of such deposition is sent to the designating Person. The designating Person shall instruct the court reporter to separately bind the portions of the deposition transcript so designated, and to stamp the word "Confidential" or "Highly Confidential—Attorneys' Eyes Only" as appropriate on each designated page of the transcript. Pending expiration of this five-day period, all Parties shall treat all deposition testimony and exhibits as if they had been designated as or "Highly Confidential—Attorneys' Eyes Only."

    c. <u>Court-Filed Materials</u>: A Party that intends to file with the Court any information that another Party or non-party has designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall comply with the sealing and lodging requirements of the Court's Local Rules. Where only a portion of the submission or filing contains Confidential Information, only that portion shall be filed under seal. The parties and their counsel, as appropriate, shall keep in confidence all copies of such Materials as provided in this Order.

    d. <u>Inadvertent Failure to Designate</u>: If timely corrected, an inadvertent failure to designate Material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" does not, standing alone, waive a Party's right to secure protection under this Stipulated Protective Order.

    4. **Treatment of Confidential Material.** Material designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" may not be disclosed except as set forth in paragraphs 5 and 6 below as appropriate. Confidential Material shall be kept in secure facilities, and access to those facilities shall be permitted only to those Persons having proper access thereto under this

Stipulated Protective Order. Absent a specific order from this Court, Materials designated "Confidential" shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such Materials shall not be disclosed to anyone except as provided herein. Confidential Material shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose. The restrictions on use of Confidential Material set forth in this Order shall survive the conclusion of the litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Stipulated Protective Order.

5. **Access to Material Designated "Confidential."** Material designated "Confidential" may be disclosed only to the following:

   a. Counsel of record for any Party, including in-house counsel;

   b. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

   c. Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (a) above to whom disclosure is reasonably necessary to prosecute or defend this action;

   d. Personnel of copy service firms or attorney service firms retained by counsel listed in (a) above in connection with this action to whom disclosure is reasonably necessary to prosecute or defend this action;

   e. A Party; or any officer, director, employee, of a Party or of a parent, subsidiary, or affiliate of a Party, to whom disclosure is reasonably necessary to prosecute or defend this action;

    f.    Any former employee of a Party, or third party consultant or expert retained in connection with this action to whom disclosure is reasonably necessary to prosecute or defend this action; and

    g.    Any other Person to whom the Producing Person agrees in writing.

For each Person in categories (c) to (e) above, disclosure is only permissible provided that each such Person, pursuant to their employment agreement or agreement to provide services, has agreed to maintain the confidentiality of the information disclosed in accordance with the terms of this Stipulated Protective Order. Additionally, for each Person in categories (f) to (g) above, disclosure is only permissible provided that each such Person first acknowledges in writing, under oath, that he or she has read this Stipulated Protective Order and agrees to be bound by its terms. This acknowledgment shall be made by executing the Declaration attached hereto as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Material, and shall be provided to the opposing Party's counsel at the conclusion of this action, upon request.

Nothing in this Order shall prohibit a Party, or Persons employed or formerly employed by or affiliated with such Party, from reviewing the Materials it designates "Confidential," or from reviewing any Materials it has authored or on which it is identified as a recipient.

**6.    Access to Material Designated "Highly Confidential—Attorneys' Eyes Only."** Materials designated Highly Confidential—Attorneys' Eyes Only may be disclosed only to the following:

    a.    Outside counsel of record for any Party;

    b.    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

    c.    Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (a) above to whom disclosure is reasonably necessary to prosecute or defend this action;

    d.    In-house counsel to whom disclosure is reasonably necessary to prosecute or defend this action;

    e.    Personnel of copy service firms or attorney service firms retained by counsel listed in (a) above in connection with this action to whom disclosure is reasonably necessary to prosecute or defend this action;

    f.    Any former employee of a Party, or third party consultant or expert retained in connection with this action to whom disclosure is reasonably necessary to prosecute or defend this action; and

    g.    Any other Person to whom the Producing Person agrees in writing.

For each Person in (c) through (e) disclosure is only permissible provided that each such Person, pursuant to their employment agreement or agreement to provide services, has agreed to maintain the confidentiality of the information disclosed in accordance with the terms of this Stipulated Protective Order. Additionally, For each Person in categories (f) to (g) above, disclosure is only permissible provided that each such Person first acknowledges in writing, under oath, that he or she has read this Stipulated Protective Order and agrees to be bound by its terms. This acknowledgment shall be made by executing the Declaration attached hereto as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Material, and shall be provided to the opposing Party's counsel at the conclusion of this action, upon request

Nothing in this Order shall prohibit a Party, or Persons employed or formerly employed by or affiliated with such Party, from reviewing the Materials it

designates "Highly Confidential—Attorneys' Eyes Only Material," or from reviewing any Materials it has authored or on which it is identified as a recipient.

7. **Examination of Third Party Witnesses.** Any Person may be examined as a witness during a deposition concerning any Confidential Material that appears on its face or from other documents or testimony to have been received or authored by that Person. During examination, an examining Party may show such a witness such Confidential Material. If a Party wishes to examine a witness during a deposition concerning any Confidential Material of another Person, and the witness has not previously received, authored, or otherwise had lawful access to such Confidential Material, the examining Party shall first obtain the consent of the Producing Person who designated the Material, or their attorneys, if any.

8. **Challenging Confidentiality Designations.** By entering into this Stipulated Protective Order, no Party concedes that any Material designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only Material" has been properly so designated. Should any Party object to any confidentiality designation, the objecting Party shall provide written notice of the basis for such objection to the Producing Person, and the Parties shall attempt in good faith to resolve the objection informally as soon as practicable. If the objection cannot be informally resolved within a reasonable time, the objecting Party may move for an order determining whether the Materials are properly designated, pursuant to the Local Rules. Until a motion is filed and resolved by the Court, all such Materials shall be treated as Confidential Materials. The foregoing is without prejudice to the right of any Person to apply to the Court for modification of this Stipulated Protective Order or for a further protective order relating to Confidential Information and/or Highly Confidential—Attorneys' Eyes Only Information.

9. **Confidentiality Obligations to Third Parties.** In the event that information in the possession or control of a Person from whom discovery is sought involves the confidentiality rights of a non-party or that its disclosure would violate

a Protective Order issued in another action, the Person with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information subject to the terms of this Stipulated Protective Order. If the consent of the non-party cannot be obtained, the Person will notify the Party seeking discovery of (a) the existence of the information without producing such information and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party in and of itself does not violate any confidentiality obligation). The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

**10. Inadvertent Disclosure of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.** Inadvertent failure to designate as "Confidential" any information pursuant to this Order shall not constitute a waiver of any claim for protection thereof, so long as such designation is asserted promptly following discovery of the inadvertent failure. At such time, arrangements shall be made for the Producing Person to appropriately mark the information in accordance with this Order.

**11. Inadvertent Disclosure of Privileged Information.** The production (or making available for inspection) of Material without an express written notice of intent to waive the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery shall not constitute a waiver of the attorney-client privilege, work product immunity or any other applicable privilege or immunity from discovery, so long as the Producing Person informs the Receiving Person of the identity of the Materials the Producing Person contends are privileged, reasonably promptly after the Producing Person becomes aware of the specific Materials that were inadvertently produced. If the Receiving Person becomes aware of specific Materials that it believes may be subject to a claim of privilege by the Producing Person, the Receiving Person shall timely notify the Producing Person of these specific Materials. Upon being made aware of these Materials, the Producing

Person shall timely designate any such Materials as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity and request return of such Materials to the Producing Person. Upon request by the Producing Person, the Receiving Person shall immediately return all copies of such inadvertently produced Materials, and shall otherwise comply with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B).

Nothing herein shall prevent the Receiving Person from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but any such challenge shall not assert as a basis the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Person shall not use or disclose Materials for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by the Court.

This Order constitutes a party agreement within the meaning of Federal Rule of Evidence 502(e), and upon adoption by the Court a court order within the meaning of Federal Rule of Evidence 502(d), and thus supersedes any inconsistent provisions of Federal Rule of Evidence 502(b).

**12. Filing Confidential Material.** A Receiving Party may not file in the public record of this action any Confidential Material without prior written permission from the Producing Person. Alternatively, a Party that seeks to file under seal any Confidential Material shall comply with Local Rule 79-5 by lodging the Confidential Material with the Court and providing appropriate notice to all interested persons, as provided therein. The Producing Person shall retain the burden of providing any proof required by the Court to maintain such documents under seal after they have been lodged.

**13. Conclusion of Action.** This Stipulated Protective Order, insofar as it restricts the communication and use of Confidential Information, shall continue to

be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action (which means the entry of a final, non-appealable judgment or dismissal), within sixty days thereafter, counsel for each Party shall either return to the Producing Person or destroy all Confidential Materials, and shall affirm in writing that all such materials have in fact been returned or destroyed. Notwithstanding the foregoing, counsel for the Parties need not return or destroy any Confidential Material that becomes a part of the public Court record in this action, by use as a trial exhibit, inclusion in a court filing, inclusion in any record on appeal, or otherwise. In addition, outside counsel for each Party may maintain copies of court papers, deposition and trial transcripts and attorney work product (including work product that contains Confidential Material or reflects Confidential Information and/or Highly Confidential—Attorneys' Eyes Only Information), provided that outside counsel maintain the confidentiality of any Confidential Material. Further notwithstanding the foregoing, no Party or counsel shall have the obligation to search electronic backup tapes or other offline storage to identify materials for destruction.

**14.   Inadmissibility.** This Stipulated Protective Order, the fact of its adoption or entry, and any provision of this Stipulated Protective Order or attached form shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce its terms. In any such enforcement proceeding, the prevailing Party shall recover its reasonable attorneys' fees and expenses in maintaining such proceeding.

**IT IS SO ORDERED.**

Dated: 11/12/15

The Honorable Charles F. Eick

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RIOT GAMES MERCHANDISE, INC., a corporation; RIOT GAMES HONG KONG MERCHANDISE LIMITED, a Hong Kong entity; and RIOT GAMES IRELAND MERCHANDISE LIMITED, an Ireland entity,<br><br>Plaintiffs,<br><br>vs.<br><br>TRI-FORCE SALES, LLC, a limited liability company; and DOES 1-10,<br><br>Defendants. | Case No. 2:15-cv-05817 ODW (Ex)<br><br>**DECLARATION AS TO PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION** |
| And related counterclaim. | |

I, _____, declare as follows:

1. My address is _____.

2. I have received a copy of the Protective Order Re: Confidential Information ("Protective Order") entered by the Court in this action.

3. I have carefully read and I know the contents of the Protective Order, and I agree to be bound by it. I specifically understand and agree that I shall not use or disclose, in public or private, any Confidential Materials, Confidential Information or information derived therefrom without the prior written consent of the Designating Party or as otherwise set forth in the Protective Order or permitted or required by an order of the Court. I agree that I will not keep any originals or

- 1 -
JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

copies of any Confidential Materials for any purpose, unless such Materials were in my possession prior to the commencement of this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Name: _____

Date: _____

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195