**O**

# United States District Court
# Central District of California

| | |
|---|---|
| RIOT GAMES MERCHANDISE, INC.; RIOT GAMES HONG KONG MERCHANDISE LIMITED; and RIOT GAMES IRELAND MERCHANDISE LIMITED,<br><br>        Plaintiffs,<br><br>  v.<br><br>TRI-FORCE SALES, LLC; and DOES 1–10,<br><br>        Defendants. | Case No. 2:15-cv-05817-ODW(Ex)<br><br>**ORDER DENYING DEFENDANT'S APPLICATION TO FILE UNDER SEAL [36]** |

## I. INTRODUCTION

This is a breach of contract case filed by Plaintiffs Riot Games Merchandise, Inc., Riot Games Hong Kong Merchandise Limited, and Riot Games Ireland Merchandise Limited against Defendant Tri-Force Sales, LLC seeking, in part, return of an "upfront payment" that Plaintiffs made to Defendant shortly after the contract was signed. The parties recently reached a settlement of this matter, and Defendant now applies to this Court to file under seal a Proposed Stipulated Judgment and Settlement Agreement. (ECF No. 36.) Defendant seeks an order sealing only the

monetary terms of the judgment and settlement; the remainder of the document, which includes mutual releases and other miscellaneous provisions, would remain unsealed. (ECF No. 36-2.) While Plaintiffs do not oppose Defendant's application, the Court nevertheless **DENIES** the application for the reasons discussed below. (ECF No. 36.)

## II. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). Thus, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). The showing needed to overcome this presumption varies according to the document sought to be sealed. Where the document concerned is a "dispositive pleading[], including motions for summary judgment and related attachments," there must be "compelling reasons" to deny public access to the document. *Id.* at 1179. This high standard is justified by the fact that "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* (citations omitted). On the other hand, a litigant is only required to show "good cause" for sealing non-dispositive documents. *Id.*

What qualifies as a "compelling reason" or "good cause"? "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. [But t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citations omitted). It is not clear precisely what

constitutes "good cause" to seal a record besides that it is something less than a "compelling reason." *Id.* at 1180. Of note in this district, the fact that "the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal." C.D. Cal. R. 79-5.2.2(a)(i)(1).

### III. DISCUSSION

Defendant's Application fails to articulate sufficient justification to overcome the strong presumption of public access to litigation documents.

Initially, the Court disagrees with Defendant that the "good cause" standard rather than the "compelling reasons" standard applies here. Defendant argues that because the Proposed Stipulated Judgment and Settlement Agreement is not a dispositive motion (or even a motion at all), it only needs to show "good cause" for sealing the document. This reasoning misconstrues the Ninth Circuit's precedent. The Ninth Circuit did not limit the "compelling reasons" standard to motions alone; rather, it applies to all dispositive "pleadings" and "related attachments." *Kamakana*, 447 F.3d at 1178. Indeed, the purpose behind applying the "compelling reasons" standard to dispositive filings is that the final resolution of disputes "is at the heart of the interest" in ensuring public knowledge and understanding of the judicial process. *Id.* What could be more dispositive of the case—and thus more critical to the public's knowledge and understanding the judicial process—than a judgment entered in favor of one party over the other?

The fact that this matter was resolved through settlement rather than through motion practice or trial does not compel a different result. A judgment is still a judgment; it is a final determination of the action, and can be used to attach liens on property and bank accounts, garnish wages, set debtor examinations, and possibly even subject the parties to the Court's contempt power. Where the parties call in the judicial branch to assist them in wielding such power, transparency is paramount.

Nor does the Court agree that Defendant has demonstrated "compelling reasons" to seal the proposed judgment. Defendant first argues that it is a "private

company whose financial affairs and contractual relationships are not generally available to the public," and that "[i]ts success depends in part on the ability to maintain a competitive advantage in negotiating with business counterparties regarding contractual terms and resolution of business disputes." (App. 6.) Such amorphous and hypothetical concerns do not warrant sealing a judgment. There is no specific showing that resolution of this particular lawsuit will impact a particular business transaction in which Defendant is involved. Indeed, Defendant's concern is inherent in the resolution of *every* lawsuit involving a business. Just like the potential for "exposure to further litigation" is not a compelling reason to overcome the presumption of public access to court records, *Kamakana*, 447 F.3d at 1178, the fact that Defendant's bargaining position in other matters could be adversely affected does not justify sealing the proposed judgment in this case.

Defendant also points out that it designated the financial terms of the settlement as "confidential" pursuant to a protective order entered by the Magistrate Judge. But as the Local Rules provide, the fact that "the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal." C.D. Cal. R. 79-5.2.2(a)(i)(1).

Finally, Defendant contends that because this is a private contract dispute and not a matter of "legitimate" public concern, "no particular public interest would be served by publication of the monetary terms of the Settlement Agreement." (App. 7–8.) It is true that the *subject matter* of this lawsuit does not involve issues of traditional public concern, such as government conduct, and that this weighs slightly in favor of sealing the document. However, it does not outweigh the heavy presumption of public access that attaches to dispositive documents. The Court itself is a public institution, and its processes are as much a matter of public concern as the subject matter of the lawsuits before it.

## IV.     CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Application to

File a Proposed Judgment and Settlement Agreement Under Seal.  (ECF No. 29.)  If the parties wish to privately and confidentially settle their dispute out of court, they are certainly entitled to do; but if they wish to use the Court's process to effectuate their settlement, it must be done publicly.

**IT IS SO ORDERED.**

March 7, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**